IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BARBARA JUNE TENNANT,

      Plaintiff,

v.                               Civil Action No. 5:15CV105
                                            (STAMP)

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING THE REPORT AND
## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  Background[1]

The plaintiff, a thirty-seven year old woman, originally filed an application for supplemental security income ("SSI") based on her alleged disabilities. After her applications were denied at the initial and reconsideration levels, she requested a hearing before an administrative law judge ("ALJ"). On April 16, 2014, ALJ Terrence Hugar conducted a hearing, at which the plaintiff, her counsel, and a vocational expert were present. The ALJ determined that the plaintiff was not disabled, and the Appeals Council denied the plaintiff's request for review of the ALJ's ruling. The plaintiff now seeks judicial review of the defendant's final ruling.

---

[1]This memorandum opinion and order contains only the most relevant procedural and factual information. For more extensive background information, see ECF No. 14.

Prior to 2012, which is when she alleges her disabilities formally developed, the plaintiff claims she suffered from several medical issues. Those issues included diabetes, anxiety, depression, chest pain, abdominal pain, pelvic pain, and incontinence. Since 2012, her above medical issues have allegedly persisted. On September 19, 2012, Dr. Jim Capage conducted a Physical Residual Functioning Capacity Assessment ("RFC") of the plaintiff. Dr. Capage found that the plaintiff had the following impairments: (1) urinary tract disorder; (2) diabetes; (3) borderline intellectual functioning; (4) anxiety disorder; and (5) affective disorder. Dr. Capage also noted the following exertional limitations: (1) the plaintiff can occasionally carry 50 pounds; (2) the plaintiff can frequently carry 25 pounds; (3) she can stand, walk, and sit for six hours in a normal workday; and (4) the plaintiff has unlimited push/pull usage. Dr. Ann Logan also conducted an RFC of the plaintiff, in which she reached the same conclusions as Dr. Capage.

At the plaintiff's ALJ hearing, she testified to facts that are similar to those discussed above. The plaintiff further discussed her prior work experience and home life. In particular, she pointed out that she last worked in 2013, that she currently receives child support and food stamps, and that she suffers from anxiety and depression while working around others. Moreover, an impartial vocational expert testified that the plaintiff would have

the following jobs available to her: (1) commercial cleaner; (2) order picker; and (3) bagger. As to her pain level, the plaintiff indicated that she suffers from daily stomach and vaginal pain that lasts for twenty to thirty minutes.

After hearing testimony and reviewing the record, the ALJ applied the five-step sequential evaluation process. Based on that evaluation process, the ALJ found the following: (1) that the plaintiff did not engage in substantial gainful activity since her application date; (2) that the plaintiff's severe impairments were anxiety, depressive disorder, and borderline intellectual functioning; (3) that the plaintiff's impairments fail to meet or equal the severity of one of the listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) that the plaintiff had the RFC to perform a full range of work at all exertional levels subject to certain non-exertional limitations; and (5) in light of the plaintiff's age, education, work experience, and RFC, a significant amount of jobs exist in the national economy which the plaintiff can perform. Therefore, the ALJ determined that the plaintiff was not disabled, as defined by the Social Security Act ("SSA").

The plaintiff has since filed a complaint before this Court, in which she seeks review of the ALJ's ruling. In her motion for summary judgment, the plaintiff essentially claims that the ALJ provided an inadequate explanation as to her RFC finding and failed to properly evaluate the opinions of the State Agency

psychologists.  In the defendant's motion for summary judgment, the defendant contends that the ALJ's RFC is supported by substantial evidence, and that the ALJ properly assessed the opinions under the record.

United States Magistrate Judge Michael John Aloi entered a report and recommendation, in which he recommends granting the defendant's motion for summary judgment and denying the plaintiff's motion for summary judgment.  ECF No. 14.  Magistrate Judge Aloi found that the ALJ considered the evidence and assigned appropriate weight to the evidence presented.  Moreover, the magistrate judge determined that the ALJ did not explicitly assign weight to the State Agency physician reports.  Magistrate Judge Aloi, however, determined that such error was harmless, and thus, did not warrant reversal.  Based on the ALJ's thorough review of the plaintiff's medical record and the use of the five-step sequential evaluation process, the magistrate judge recommends that this Court grant the defendant's motion for summary judgment and deny the plaintiff's motion for summary judgment.  The parties did not file objections to the report and recommendation.

For the reasons discussed below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED.  Accordingly, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." _Craig v. Chater_, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." _Id._ A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." _Thompson v. Astrue_, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting _Johnson v. Barnhart_, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in _United States v. U.S. Gypsum Co._, "a finding is 'clearly erroneous' when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite
and firm conviction that a mistake has been committed." 333 U.S.
364, 395.

After reviewing the record and the parties' filings, this
Court finds that the ALJ's findings are supported by substantial
evidence. Further, the findings of the magistrate judge are not
clearly erroneous. The record shows that the ALJ properly applied
the five-step sequential evaluation process after conducting a
thorough review of the plaintiff's medical record and the evidence
presented by the parties. In particular, the ALJ thoroughly
examined and analyzed the plaintiff's record as to his RFC
determination. The ALJ listed each relevant medical record and
report, summarized its contents, and then used those facts to reach
his conclusion. See ECF No. 8-2 *16 to 26. Regarding the opinions
of the State Agency psychologists, the ALJ did not explicitly
assign weight to those opinions. Nonetheless, the ALJ stated that
he "concurs with the opinion of the State Agency psychologists[.]"
Id. at 26. In light of the record, substantial evidence still
clearly supports the ALJ's opinion. The ALJ's failure to assign an
explicit weight to those opinions amounts to harmless error at
most, which is an insufficient ground for reversal. See Emigh v.
Commissioner of Social Sec., 2015 WL 545833, at *21 (N.D. W. Va.
Feb. 10, 2015); see generally Treadway v. Director, Office of
Workers' Compensation Programs, U.S. Dept. of Labor, 977 F.2d 574

(4th Cir. 1992) (per curiam) (declining to reverse ALJ's decision when only harmless error was present).  After reviewing the record and the parties' filings, this Court finds that substantial evidence supports the findings of the ALJ.  Moreover, this Court is not "left with the definite and firm conviction that a mistake has been committed" as to the findings of the magistrate judge.  U.S. Gypsum Co., 333 U.S. at 395.  Therefore, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED.

## IV.  Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 14) is AFFIRMED AND ADOPTED. Therefore, the defendant's motion for summary judgment (ECF No. 12) is GRANTED and the plaintiff's motion for summary judgment (ECF No. 10) is DENIED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the plaintiff has failed to object, she has waived her right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 15, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE